DREW, Chief Justice
(concurring specially) .
I concur in the judgment in this case denying certiorari, the effect of which is to affirm the findings and conclusions of the deputy commissioner and the full commission. In yiew of the nature of the question involved, however, we should point out that the deputy commissioner, in requiring the compensation carrier to furnish remedial treatment for the employee at Mayo Clinic, did so on the basis of the peculiar factual situation developed over a period of time following the accident which confronted him in this particular case. Paragraphs 4 and 5 of his order of December 30, 1955, are:
“4. That the claimant has not reached maximum medical improvement, and I find it for the best medical interest of the claimant that he be given remedial attention at Mayo Clinic, Rochester, Minnesota.
“5. In making the above finding of further remedial treatment at Mayo Clinic, I have taken into consideration the medical evidence of the attending orthopedic and this man’s condition is serious; that he has heretofore undergone a myelogram and removal of a disc and a subsequent myelogram indicating further surgery is indicated with the probably necessity of a laminectomy and fusion; that shortly after the removal of the disc in May, 1955, claimant lost control of his left arm and the strength of his left leg requiring him to be on crutches and that the claimant has ' recently lost partial control of his urinary organs; that the attending orthopedic is not *292 opposed to the claimant going to Mayo Clinic for treatment; that because of the several complications attendant to the back condition a team of specialists will probably be required to obtain the desired result.”
In affirming the decision of the deputy commissioner the full commission was likewise motivated by the peculiar facts and circumstances in this particular case. We quote with approval the reasoning of the full commission in this respect:
“In the instant cause the question is not only whether equal medical facilities are available locally, but whether local treatment will be as beneficial to the claimant, giving due consideration to all aspects of the matter. There is evidence that the claimant has a psychosomatic overlay, which could well mean the difference between claimant’s successful recovery from the contemplated surgery or a relapse and continued disability. There is substantial competent evidence to support the findings of fact of the Deputy Commissioner, and under the particular facts of this case there has been an abuse of discretion by the Deputy Commissioner which would warrant us in disturbing his findings and Order. This is not to say that we could approve an order for out-of-state treatment in the average case when equal treatment is available locally, and a Deputy Commissioner should be thoroughly satisfied that ‘the nature of the injury or the process of recovery’ requires such extra-ordinary measure before ordering remedial treatment in another State when apparently equal treatment is available locally.”
In denying certiorari in this case we are not opening the floodgates for out of state medical treatment. It is only in cases where the combination of events and circumstances following an injury result in a situation comparable to that which appears in this record that we feel a deputy commissioner would be authorized to allow such treatment at the carrier’s or employer’s expense.
HOBSON, THORNAL and O’CONNELL, JJ., concur.